IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: )
) 2021 NOV 12 A 11: 49
GEORGE SNYDER, ) Case 21-22419-CMB
) CLERK
) U.S. BANKRUPTCY COURT
Debtor. ) PITTSBURGH
)
_____ )
GEORGE SNYDER, )
)
Plaintiff, ) Adv. No.
)
v. )
)
ALLEGHENY ESTATES LLC, )
PENN PIONEER ENTERPRISES LLC, )
)
Defendant. ) JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff George Snyder file this, his Complaint against Allegheny Estates LLC and Penn Pioneer Enterprises LLC:

1. Plaintiff George Snyder ("Snyder") is an individual owning by adverse possession, possession and operating at 98 Arlene Drive, North Versailles, PA 15137.

2. Defendant Penn Pioneer Enterprises LLC is a Pennsylvania Limited Liability Company that, according to the Pennsylvania Secretary of State, is located at 422 Cavitt Road, Trafford, PA 15085.

3. Defendant Allegheny Estates LLC is a Limited Liability Company that, according to the Pennsylvania Secretary of State, is located at 278 Bear Lane, Clarion, PA 16353.

4. While this is a core matter to the bankruptcy, it would be unconstitutional to require Plaintiff to consent to final judgment to a bankruptcy judge. Plaintiff does not consent. He requests that any final judgment be entered by an Article III judge pursuant to the United States Constitution.
5. Defendants obtained a deed to the Plaintiff's property by Sheriffs sale, constituting a quit claim against an enterprise known as 98 Arlene Drive LLC., a Pennsylvania Limited Liability Company.
6. Said deed is subject to all claims by third parties and does not provide clean title to the defendants.
7. Defendants never sought to quiet title to the property.
8. Prior to the quit claim title being given to the Defendants, Plaintiff was never notified.
9. Plaintiff actually had physical possession of the land and dwelling for 21 years.
10. Plaintiff had possession through actual, continuous, exclusive, visible, notorious, distinct, and hostile possession of the property.
11. Plaintiff's possession was not interrupted by others.
12. The possession should have been obvious to all record owners, including the quit claim purchasers.
13. The possession was hostile as Plaintiff was never given permission to remain on the land.
14. Defendants knew of Plaintiff's possession at all times.
15. Defendants knew of Plaintiff's possession at the time they purchased the property..

WHEREFORE, Plaintiff demands that this Court quiet the title to 98 Arlene Drive, North Versailles, Pennsylvania, and adjudge and declare that the property belongs to Plaintiff, along with all other costs, fees, and appropriate relief.

Respectfully submitted,

*George Snyder*
George Snyder
98 Arlene Drive
North Versailles PA  15137